JANVIER, Judge.
Again we consider an automobile accident which, to some extent, resulted, from the narrowness of the neutral ground between the two vehicular roadways of Gentilly Highway in the vicinity of Franklin Avenue in New Orleans. One of the vehicles was driven out Music Street across the inbound roadway of Gentilly Boulevard and just as it had turned to its left in the outbound roadway after crossing the neutral ground, it was struck in the rear by the other vehicle. This suit and another which, for the purpose of trial, has been consolidated with it, are the result.
At about 8 o’clock on the night of November 23, 1951, John H. Gallaher, Jr., the minor son of John H. Gallaher, Sr., was driving his father’s Plymouth automobile on Music Street towards the Gentilly Boulevard with the intention of turning into that boulevard on the far side and proceeding in a down-river direction toward Franklin Avenue. He had crossed the inbound roadway which leads to the business section of the City and had crossed the neutral area of the neutral ground and turned to his left to go down Gentilly Boulevard. His car was struck in the rear by the Buick sedan owned by Adolph Holland, Sr., and driven by his minor son, Adolph Holland, Jr. Holland was driving the Buick out Gentilly Boulevard in the same direction as that in which Gallaher was going or intended to go. Both cars sustained damage and, as a result, Adolph Holland, Sr., brought this suit against John H. Gallaher, Sr., alleging that the accident had resulted from negligence on the part of young Gallaher, that Gallaher, Sr., was liable for the results of the negligence of his minor son, and praying for judgment in the sum of $179.74.
In the other suit which has been consolidated with this, Equitable Fire and Marine Insurance Company v. Adolph Holland, Sr., the Insurance Company is plaintiff. That corporation was the insurer of John H. Gallaher, Sr., and, having paid him for the damage sustained by his car and having taken a subrogation to all of his rights, it brought the other suit against Adolph Holland, Sr., alleging that the accident had resulted from negligence of Holland’s son, and praying for judgment in the sum of $228.99, which is the amount it paid to Gallaher to cover the damage sustained by Gallaher’s car.
In the suit which we are now considering, Adolph Holland, Sr. v. John H. Gallaher, Sr., there was judgment in favor of Adolph Holland, Sr., as prayed for, in the sum of $179.74, and it is conceded that amount correctly represents the damage sustained by the Holland car. From this judgment Gallaher, Sr., has appealed de-volutively.
As young Holland drove his car down Gentilly Boulevard, the car of Gallaher was approaching the intersection of Music Street. Gentilly Boulevard is a wide double driveway neutral ground highway into which Music Street runs at almost a right angle. Music Street does not continue on the other side of Gentilly Boulevard, so that necessarily when young Gallaher reached the boulevard, he was forced to turn either to his right towards the business section of New Orleans, or to cross that roadway, cross the neutral ground area, and turn to his left in the down-river direction. He intended to follow the latter course, and says that after he had turned into the outbound roadway of the boulevard and had “straightened out” and gone about two car lengths, the Holland car crashed into the rear of his car, causing the damage to both cars. He says that when he first noticed the Holland car, it, with other cars, was about 75 yards away and that he knew that if it was approaching at proper speed he could easily complete the turn before it could reach the intersection.
. It is the contention of Holland, Sr., and Holland, 'Jr., so testified, that just before young Holland reached the intersection, Gallaher, Jr., drove into the second roadway directly in front of the Holland car *156 when the latter was already so close that it was not possible to stop and avoid contact with the Gallaher car.
There were two disinterested witnesses who said that before the. accident they did not know either Gallaher or Holland. They were Mr. and Mrs. Wallace Heinbaugh. They were in their car on the roadway in which the Holland car was- being driven. Mr. Heinbaugh says that when his car was about two city blocks away from Music Street, and he was operating it at a speed of about 28 or 30 miles per hour, the Holland car passed him at a speed of “45 or better miles per hour”; that he followed the Holland car with his eyes, and that when he was a block or a block -and a half from Music Street and the Holland car was about one-half that distance from Music Street, the Gallaher car crossed into the roadway and “had straightened out” when the Holland car crashed into its rear. Mr. Heinbaugh says that when the impact took place the Gallaher car was “probably 20 or 30 feet from the intersection,” meaning that the Gallaher car had completed the turn and was on its way down the highway when the Holland car crashed into its rear.
Mrs. Heinbaugh was not looking when the accident occurred, but she says that when the Holland car passed them “we were * * * remarking about this car that was going so fast past us, and then we heard the crash ánd saw the accident.”
The versions of the two young men were divergent, of course. Holland contends that he was operating his car at a reasonable speed and that the Gallaher car emerged from its safe position in the neutral area and suddenly appeared in front of him. Gallaher says that when he entered the roadway 'Holland was far enough away for him to stop had he been on the alert.
The records in the two cases convince us that the Gallaher version is the correct one, and we reach this conclusion in spite of the findings of the trial court and in spite also of certain statements -attributed to young Gallaher in the report which was made by two police officers who .arrived some time after the occurrence of the accident. We are very much impressed with the testimony of Mr. and Mrs. Heinbaugh, and we are convinced that some of the statements made in the report by the police officers are inaccurate. In this report they state that young Gallaher changed his statement as to the position of the Holland car when he first realized that there was danger, first saying that the Holland car was 300 yards away and then saying that it was 150 yards away, and finally saying that it was 75 yards away. Gallaher says that he had told them that the Holland car was 75 yards away and that probably the police officers misunderstood and thought that he was giving the distance in feet rather than in yards. The police report also contains a statement to the effect that young Gallaher said that the collision had occurred before “his car had straightened out in the traffic lane,” and that young Gallaher “appeared in a hurry to get away.”
We are convinced that the Gallaher car had straightened out in the highway before it was struck and we are convinced also that young Gallaher did not hurry away after the occurrence of the accident.
One fact which appears to us to be very significant is that there seems to be no-doubt at all that the Gallaher car was in the center of the roadway when it was struck, and that Holland swerved his car first to the left and then to the right as he was in a hurry to pass the Gallaher car.
The record convinces us that the cause of the accident was the speed with which young Holland operated his car and the fact that when the Gallaher car entered the roadway ahead of him there was ample distance for him to stop his car had he been on the alert. '
We are very loathe to reverse the finding of a trial judge where only facts are involved, but are convinced that the findings were erroneous.
Accordingly, the judgment appealed from is annulled, avoided and reversed and plaintiff’s s.uit is dismissed at his cost.
Reversed.